UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRENDA MORRISON,**

    Plaintiff

v.

CASE NO.:

**WHITE SANDS TREATMENT CENTER OF TAMPA, LLC,** a Florida Limited Liability Company

    Defendant.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, BRENDA MORRISON (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant WHITE SANDS TREATMENT CENTER OF TAMPA, LLC, (hereinafter referred as "White Sands" or "Defendant"), and states the following:

**NATURE OF CASE**

1. This is a claim by Plaintiff, BRENDA MORRISON, against her former employer, WHITE SANDS TREATMENT CENTER OF TAMPA, LLC for violations of the Family Medical Leave Act of 1993 ("FMLA") 29 § 2601 *et seq,* to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

**JURISDICTION AND VENUE**

2. The acts and omissions giving rise to this action occurred in Hillsborough County, Florida, among others.

3. Defendant conducts business in Hillsborough County, Florida.

4. Plaintiff was employed with Defendant in Hillsborough County, Florida.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Families Medical Leave Act.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful practices complained of herein, occurred in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant on or about October 2018 as a housekeeper.

8. Plaintiff remained in that position until her retaliatory termination on or about March 31, 2020.

9. Plaintiff had been an employee in good standing until the end of her employment.

10. On March 2020, Plaintiff became ill after cleaning a patient's room.

11. Plaintiff was ultimately diagnosed with an upper-respiratory infection and told to stay home to recover.

12. Plaintiff returned to work but was told by a supervisor to go home because it was obvious that she had not fully recovered.

13. Subsequently, Plaintiff was contacted by her immediate supervisor and told that she was a no-call no-show, even though she was instructed by management not to come to work.

14. Upon returning to work, Plaintiff was asked to work a different schedule.

15. Plaintiff was unable to do so because her children were out of school due to school closings as a result of the Covid-19 pandemic.

16. Plaintiff was terminated on March 31, 2020.

17. Plaintiff was entitled to FMLA covered leave pursuant to 29 U.S.C. § 2612 (a)(1).

18. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

19. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

20. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

21. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

22. Defendant's actions constitute discrimination in violation of Plaintiff's rights under FMLA.

## COUNT I
## RETALIATION UNDER THE FMLA

23. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

25. Defendant was Plaintiff's employer as defined by the FMLA.

26. Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the FMLA.

27. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

28. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

29. Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

30. Defendant's conduct violated Plaintiff's rights to be free from discrimination/ retaliation as guaranteed by the FMLA.

31. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

32. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

33. Defendant's violations of the FMLA were willful.

34. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earning, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct.

c. judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2671(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FMLA; and

f. an order grating such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## INTERFERENCE UNDER THE FMLA

35. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 22 above as if fully set forth herein.

36. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

37. Defendant was Plaintiff's employer as defined by the FMLA.

38. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

39. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

40. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

41. Defendant's violations of the FMLA were willful.

42. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.  judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.  declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY TRIAL

Plaintiff, BRENDA MORRISON, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 20th day of August, 2020.

Respectfully submitted,

*s/Bruce A. Mount*
Carlos V. Leach, Esq.
FL Bar No.: 540021
Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office: (407) 574-4999
Facsimile: (407) 960-4789
Email: cleach@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***